IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUVENTINO AMBROS, FIDEL FLORES, GABRIEL CASTILLO GARCIA, and NABOR JARA VILLEGAS, on behalf of themselves and on behalf of all persons similarly situated known and unknown, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| PIZZA 18, LLC d/b/a BENNY'S PIZZA and BENNY'S PIZZA II, ENRIQUE SALCIDO, individually, JUAN C. FAJARADO MACEDO, individually, and OCTAVIO RODRIGUEZ, individually | ) ) ) ) ) ) |
| Defendants. | ) |

**COMPLAINT**

Plaintiffs, Juventino Ambros, Fidel Flores, Gabriel Castillo Garcia, and Nabor Jara Villegas, by and through their attorneys, Becerra Law Group, LLC, for their Complaint against Pizza 18, LLC d/b/a Benny's Pizza and Benny's Pizza II, Enrique Salcido, individually, Juan C. Fajardo Macedo, individually, and Octavio Rodriguez, individually (herein "Defendants"), state as follows:

**NATURE OF PLAINTIFFS' CLAIMS**

1. This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") and the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.* ("IMWL"), for Defendants' failure to pay Plaintiffs the state and federal minimum wage and overtime wages at a rate of one and one half time their regular rate of pay. (A copy of Plaintiffs' consent forms to act as representative Plaintiffs in this collective action under the FLSA are attached hereto as

Exhibit A.)

2.      Defendants committed and continue to commit wage theft by not paying overtime wages, not paying minimum wages, and requiring certain employees pay shortages out of pocket.

## JURISDICTION AND VENUE

3.      This Court has jurisdiction over Plaintiffs' FLSA claims pursuant to 28 U.S.C. §1331, arising under 29 U.S.C. § 216(b). This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

4 .     Venue is proper in this judicial district as the facts and events giving rise to Plaintiffs' claims occurred in this judicial district.

## THE PARTIES

5.      Plaintiff Juventino Ambros resides in and is domiciled in this judicial district.

6.      Plaintiff Juventino Ambros is a former cook for Defendants and was employed by Defendants in this judicial district.  During the course of his employment, Plaintiff Juventino Ambros handled goods that moved in interstate commerce and performed non-exempt work.

7.      Plaintiff Nabor Jara Villegas resides in and is domiciled in this judicial district.

8.      Plaintiff Nabor Jara Villegas is a former cook for Defendants and was employed by Defendants in this judicial district.  During the course of his employment, Plaintiff Nabor Jara Villegas handled goods that moved in interstate commerce and performed non-exempt work.

9.      Plaintiff Fidel Flores resides in and is domiciled in this judicial district.

10.     Plaintiff Fidel Flores is currently employed by Defendants Pizza 18, LLC, Enrique Salcido, and Juan C. Fajardo Macedo as a delivery driver.  Plaintiff Fidel Flores is a former employee of Defendant Octavio Rodriguez.

11.     Plaintiff Gabriel Castillo Garcia resides in and is domiciled in this judicial district.

2

12. Plaintiff Gabriel Castillo Garcia is currently employed by Defendants Pizza 18, LLC, Enrique Salcido, and Juan C. Fajardo Macedo as a delivery driver. Plaintiff Gabriel Castillo Garcia is a former employee of Defendant Octavio Rodriguez.

13. Defendant Pizza 18, LLC is an Illinois limited liability company doing business within this judicial district. Defendant Pizza 18, LLC is an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1), and is an enterprise engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

14. Defendant Pizza 18, LLC is/ was Plaintiffs' "employer" as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

15. Defendants Enrique Salcido and Juan C. Fajardo Macedo are the sole members of Pizza 18, LLC.

16. Defendants Enrique Salcido and Juan C. Fajardo Macedo are involved in the day-to-day business operations of Pizza 18, LLC d/b/a Benny's Pizza. Among other things, Defendants Salcido and Fajardo Macedo have the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

17. Defendants Salcido and Fajardo Macedo are/ were Plaintiffs' employers as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

18. Defendant Octavio Rodriguez is the former owner of Bennys Pizza Incorporated d/b/a Benny's Pizza and Benny's Pizza II.

19. Defendant Octavio Rodriguez was involved in the day-to-day business operations of Bennys Pizza Incorporated d/b/a Benny's Pizza and Benny's Pizza II. Among other things,

Defendant Octavio Rodriguez had the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the corporation's checking accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

20. Defendant Octavio Rodriguez was Plaintiffs' employer as that term is defined by the FLSA, 29 U.S.C. 203(d) and the IMWL, 820 ILCS 105/3.

## FACTUAL ALLEGATIONS

21. Defendant Octavio Rodriguez owned and operated Benny's Pizza located at 1244 W. 18th St., Chicago, Illinois until he sold the restaurant in 2014.

22. Within the past three years, Plaintiffs Juventino Ambros and Nabor Jara Villegas worked as cooks for Defendants.

23. Plaintiffs Fidel Flores and Gabriel Castillo Garcia are currently employed by Defendants Pizza 18, LLC, Enrique Salcido and Juan C. Fajardo Macedo as delivery drivers.

24. Plaintiffs Fidel Flores and Gabriel Castillo Garcia worked for Defendant Octavio Rodriguez as delivery drivers.

25. Defendant Octavio Rodriguez required Plaintiffs to regularly work more than 40 hours in a workweek, but did not pay them and similarly situated employees the premium rate of one and one half times their regular rate for all hours worked over 40.

26. Defendant Octavio Rodriguez had a policy and practice of not paying the Plaintiffs and similarly situated employees the federal minimum wage.

27. Defendant Octavio Rodriguez had a policy and practice of not paying the Plaintiffs and similarly situated employees the state minimum wage.

28. Defendant Octavio Rodriguez had a policy and practice of paying Plaintiffs and

similarly situated individuals in cash.

29. Defendant Octavio Rodriguez had a policy and practice of paying delivery drivers like Plaintiffs Fidel Flores and Gabriel Castillo Garcia a flat $15.00 per shift for gas, but no wages.

30. Defendant Octavio Rodriguez had a policy and practice of requiring delivery drivers like Plaintiffs Fidel Flores and Gabriel Castillo Garcia to pay any shortages when a client was not charged the correct amount.

31. Plaintiff Fidel Flores and Gabriel Castillo Garcia and similarly situated delivery drivers in addition to delivering orders for Defendants are required to pick up supplies for the Defendants with no compensation for their time or mileage.

32. Plaintiff Fidel Flores and Gabriel Castillo Garcia and similarly situated delivery drivers are also required to help in the kitchen during slow periods and are not compensated for this work.

33. Plaintiffs Fidel Flores and Gabriel Castillo Garcia worked an average of 60 hours per week, but were not paid any wages other than the $15.00 they received in cash per shift which was considered money to pay for gas.

34. Plaintiffs Juventino Ambros and Nabor Jara Villegas worked as cooks for Defendants.

35. In 2012, Plaintiffs Juventino Ambros and Nabor Jara Villegas worked an average of 63 and 61, respectively, and were paid $400 per week.

36. In 2013, Plaintiffs Juventino Ambros and Nabor Jara Villegas worked an average of 63 and 61, respectively, and were paid $400 per week.

37. On or about April 2014, Plaintiffs wages increased to $430 per week for an

average of 63 hours per week for Plaintiff Juventino Ambros and an average of 61 for Plaintiff Nabor Jara Villegas.

38. After Defendants Pizza 18, LLC, Enrique Salcido, and Juan C. Fajardo Macedo took over the ownership and management of Benny's Pizza they continued the same policies and practices of Octavio Rodriguez with regard to employee compensation.

39. Defendants Pizza 18, LLC, Enrique Salcido, and Juan C. Fajardo Macedo have continued to fail to pay the federally mandated minimum wage and the Illinois mandated minimum wage to Plaintiffs and similarly situated.

40. Defendants Pizza 18, LLC, Enrique Salcido, and Juan C. Fajardo Macedo have continued to fail to overtime wages to Plaintiffs and similarly situated individuals.

41. Defendants Pizza 18, LLC, Enrique Salcido, and Juan C. Fajardo Macedo have continued to make unlawful deductions from delivery drivers pay by not paying for mileage on picking up supplies and charging delivery drivers for shortages.

## COUNT I
### Violation of the Fair Labor Standards Act - Overtime Wages
(Plaintiffs on behalf of themselves and on behalf of similarly situated employees)

Plaintiffs incorporate and reallege paragraphs 1 through 41 as though set forth herein.

42. This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiffs and similarly situated individuals.

43. Plaintiffs worked for Defendants and were their "employee(s)" as defined by Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1).

44. Defendants were Plaintiffs' "employer(s)" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

45. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Fair Labor Standards Act, 29 U.S.C. § 207.

46. Plaintiffs and similarly situated employees were directed by Defendants to work, and did work, in excess of 40 hours per week.

47. Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiffs worked in excess of 40 hours they were entitled to be compensated at a rate of one and one-half times their regular hourly rate of pay.

48. Defendants failed to compensate Plaintiffs at a rate of one and one-half times their regular hourly rate of pay for time they worked in excess of 40 hours in individual workweeks.

49. Defendants' failure to pay Plaintiffs and similarly situated individuals overtime wages for time worked in excess of 40 hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

50. Defendants' failure and refusal to pay overtime wages for time worked in excess of 40 hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

51. Plaintiffs and similarly situated individuals are entitled to recover overtime wages for three years prior to the filing of this suit because of Defendants' failure to pay overtime wages for all hours worked above 40 in individual work weeks was a willful violation of the FLSA.

52. Department of Labor regulations, at 29 CFR Part 516, requires employers to maintain and preserve payroll or other records that reflect, for each employee, *inter alia*, the hours worked each workday and total hours worked each workweek; and in any workweek in which overtime compensation is due, the employee's regular hourly rate of pay, the total weekly straight-time wages and premium pay for overtime hours.

53. Defendant violated 29 CFR Part 516 by failing to keep and maintain accurate and complete time and pay records.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

A. That this Court determine that this case may be maintained as a collective action under the FLSA;

B. A judgment in the amount of one and one-half times the Illinois minimum wage for all time Plaintiffs and similarly situated worked in excess of 40 hours per week;

C. Liquidated damages in an amount equal to the amount of unpaid overtime compensation found due;

D. Reasonable attorneys' fees and costs incurred in filing this action; and

E. Such other and further relief as this Court deems appropriate and just.

## COUNT II
### Violation of the Illinois Minimum Wage Law - Overtime Wages

Plaintiffs incorporate and reallege paragraphs 1 through 53 as though set forth herein.

54. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. § 1367.

55. The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law. 820 ILCS 105/4a. Plaintiffs bring this action pursuant to 820 ILCS 105/12(a).

56. At all relevant times herein, Defendants were Plaintiffs' "employer(s)" as defined in the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Plaintiffs were Defendants' "employee(s)" within the meaning of that Act.

57. During the course of their employment by Defendants, Plaintiffs were not exempt from the overtime wage provisions of the Illinois Minimum Wage Law, 820 ILCS 105/4a.

58. Pursuant to 820 ILCS 105/4a, for all weeks during which Plaintiffs worked in excess of 40 hours, Plaintiffs were entitled to be compensated at one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

59. Defendants failed to pay Plaintiffs one and one-half times their regular hourly rate of pay for time worked in excess of 40 hours per week.

60. Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiffs at one and one-half times their regular hourly rate of pay for all time worked in excess of 40 hours per week.

61. Pursuant to 820 ILCS 105/12(a), Plaintiffs are entitled to recover punitive damages in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiffs pray for a judgment against Defendants as follows:

    A.    A judgment in the amount of one and half times the Illinois minimum wage rate for all time which Plaintiffs worked in excess of 40 hours per week;

    B.    Punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

    C.    Reasonable attorneys' fees and costs incurred in filing this action; and

    D.    Such other and further relief as this Court deems appropriate and just.

## COUNT III
### Violation of the Illinois Minimum Wage Law – Minimum Wages

Plaintiffs incorporate and reallege paragraphs 1 through 61 as though set forth herein.

62. This count arises from Defendants' violation of the IMWL for Defendants' failure and refusal to pay Plaintiffs state-mandated minimum wages for all time worked.

63. During the course of their employment with Defendants, Plaintiffs were not compensated at the Illinois minimum wage rate.

64. Plaintiffs were entitled to be paid the Illinois minimum wage for all time worked.

65. Defendants failed to pay the Illinois minimum wage for all time worked.

66. Defendants' failure to pay the Illinois minimum wage rate violated the minimum wage hour provisions of the IMWL.

67. Pursuant to 820 ILCS 105/12(a), Plaintiffs were entitled to recover unpaid wages for 3 years prior to the filing of this suit, plus damages in the amount of 2% per month of the amount of underpayment.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A. A judgment in the amount of all back wages due as provided by the Illinois Minimum Wage Law;

B. Prejudgment interest on the back wages in accordance with 815 ILCS 205/2 and punitive damages pursuant to the formula set forth in 820 ILCS 105/12(a);

C. Reasonable attorneys' fees and costs of this action as provided by the Illinois Minimum Wage Law; and

D. Such other and further relief as this Court deems appropriate and just.

## COUNT IV
### Violation of the Fair Labor Standards Act – Unpaid Minimum Wages
**(Plaintiffs on behalf of themselves and on behalf of similarly situated employees)**

Plaintiffs incorporate and reallege paragraphs 1 through 67 as though set forth herein.

68. This Count arises from Defendant's violation of the FLSA for their failure to pay Plaintiffs and the class the federally mandated minimum wages for all time worked.

69. During the course of Plaintiffs' employment with Defendants, Defendants either failed to compensate the delivery driver Plaintiffs or failed to pay the cook Plaintiffs at the federally mandated minimum wage.

70. Plaintiffs and the class are entitled to be paid at least the federal minimum wage for all time worked.

71. Defendants' failure to pay the federal minimum wage rate violated the minimum wage hour provisions of the FLSA.

72. Defendant willfully violated the FLSA by refusing to pay Plaintiffs and similarly situated at least the federally mandated minimum wages for all hours they worked.

73. Plaintiffs and the class are entitled to recover unpaid wages for the three years prior to the filing of this suit because of Defendant's failure to pay minimum wages for all hours worked in individual work weeks was a willful violation of the FLSA.

WHEREFORE, Plaintiffs and the class pray for a judgment against Defendant as follows:

    A. The Court determine that this action may be maintained as a collective action;

    B. A judgment in the amount of unpaid minimum wages for all hours that Plaintiffs and the class worked;

    C. Liquidated damages in an amount equal to the amount of unpaid wages for which Plaintiffs are found to be due and owing;

    D. Reasonable attorneys' fees and costs incurred in filing this action; and

    E. Such other and further relief as this Court deems appropriate and just.

## COUNT V
### Violation of the Illinois Wage Payment and Collection Act – Unlawful Deductions
### (Plaintiffs Fidel Flores and Gabriel Castillo Garcia individually)

Plaintiffs Fidel Flores and Gabriel Castillo Garcia incorporate and reallege paragraphs 1 through 73.

74. This count arises from the violation of the IWPCA for Defendants' policy and practice of charging shortages and not paying sufficient mileage to Plaintiffs Fidel Flores and Gabriel Castillo Garcia.

75. Defendants charged Plaintiffs Fidel Flores and Gabriel Castillo Garcia for any shortages and did not pay them sufficiently for mileage.

76. It was unlawful for Defendants to require Plaintiffs Fidel Flores and Gabriel Castillo Garcia to pay shortages.

77. Defendants' policy and practice of taking unlawful deductions violated the IWPCA.

WHEREFORE, Plaintiffs Fidel Flores and Gabriel Castillo Garcia, pray for a judgment against Defendants, as follows:

A. A judgment in the amount of all unlawful deductions;

B. Prejudgment interest on the unlawful deductions in accordance with 815 ILCS 205/2;

C. Reasonable attorneys' fees and costs incurred in filing this action; and

D. Such other and further relief as this Court deems appropriate and just.

Respectfully submitted,

Dated: June 16, 2015	**JUVENTINO AMBROS, FIDEL FLORES, GABRIEL CASTILLO GARCIA, and NABOR JARA VILLEGAS**


By: /s/Carlos G. Becerra
    One of Plaintiffs' Attorneys

CARLOS G. BECERRA (ARDC #6285722)
PERLA M. GONZALEZ (ARDC#6310896)
Becerra Law Group, LLC
332 South Michigan, Suite 1020
Chicago, Illinois 60604
Telephone: (312)753-6967
Facsimile: (888)826-5848
E-mail: cbecerra@law-rb.com
E-mail: pgonzalez@law-rb.com